STATE of Missouri, Plaintiff-Respondent,

v.

Roy Elmer McINTOSH,
Defendant-Appellant.

No. 9927.

Missouri Court of Appeals,
Springfield District.

Sept. 29, 1976.

John B. Newberry, Springfield, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before HOGAN, P. J., FLANIGAN, J., and CAMPBELL and PYLE, Special Judges.

ROBERT LEE CAMPBELL, Special Judge.

Defendant was charged with possession of a forged instrument with intent to utter and was convicted of forgery under § 561.-011, RSMo 1969, V.A.M.S. In accordance with the verdict of the jury, defendant was sentenced to a term of seven years in the custody of the Missouri Department of Corrections. Defendant appeals. Inasmuch as we hold that the State failed to make a submissible case, we need not consider other allegations of error.

On May 27, 1973, Harvey Rector, a police officer of the City of Springfield, Missouri, stopped a motor vehicle for violation of an electric signal. Pursuant to customary procedure of the department, Officer Rector asked each occupant of the motor vehicle for identification. Defendant, seated in the right rear seat of the motor vehicle, gave his name as Coffer Day and furnished the officer with a Dial–A–Friend card bearing said name. The officer observed defendant attempting to hide a piece of paper under his leg. Officer Rector went to the other side of the vehicle and seized the piece of paper as defendant was attempting to return it to his wallet. The piece of paper was the money order which formed the basis of defendant's conviction.

Officer Rector returned to his patrol car with the money order, "called headquarters and gave them the serial number from this money order and asked them to run it through the computer for stolen." The officer waited "to hear back from headquarters." Defendant was then placed "under arrest for possession of stolen money order."

A 16-year-old occupant of the car testified that he had accompanied defendant to Kansas City and posed as his son while defendant cashed checks. He also saw defendant writing on checks or money orders. There was no evidence adduced to show that any such checks were unlawfully cashed.

■ In its brief, the State argues that in order to prove an element of the crime charged herein, the State may employ either direct or circumstantial evidence. The State quotes from State v. Gantt, 504 S.W.2d 295, 301[11] (Mo.App.1973), as follows:

"In determining the sufficiency of the evidence, this court must accept all evidence, circumstantial or direct, tending to support the conviction together with all favorable inferences reasonably to be drawn therefrom. [Cases cited] It is not

our function or prerogative to weigh the evidence or to judge the credibility of the witnesses. Those responsibilities lie solely within the province of the jury."

The State argues that the jury may infer the money order was stolen because defendant identified himself as Coffer Day and because defendant was arrested by the officer after he had radioed headquarters reporting the serial number and asking it to be checked to see if it was stolen.

The fallacy of the State's argument is that proof that the money order was stolen would not be sufficient to support a conviction. under the forgery statute. Section 561.011, RSMo 1969, V.A.M.S., makes it unlawful "[f]or any person with the intent to defraud to make or alter any writing of any kind having legal efficacy or commonly relied upon in business or commercial transactions, so that it purports to have been made by another, or at another time, or with different terms". In order to sustain a conviction for violation of this statute, there must be some evidence that the writing has been unlawfully made or altered. The record is devoid of any such evidence. For this reason, the judgment and conviction cannot stand.

Even though we hold that the State failed to make a submissible case, we decline to discharge defendant where it appears that the deficiency in the evidence might be available to the prosecutor upon retrial. Accordingly, the judgment of conviction is reversed and the cause remanded for new trial.

All concur.